UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA


**JAMONTE DAVIS (#420744)**                                      **CIVIL ACTION**

**VERSUS**

**BURL CAIN, ET AL.**                                            **NO. 11-0789-JJB-CN**

**NOTICE**

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, April 10, 2012.

                                  **MAGISTRATE JUDGE CHRISTINE NOLAND**

## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**JAMONTE DAVIS (#420744)**                               CIVIL ACTION

**VERSUS**

**BURL CAIN, ET AL.**                                     NO. 11-0789-JJB-CN

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The pro se plaintiff, an inmate incarcerated at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, filed this action pursuant to 42 U.S.C. § 1983 against Warden Burl Cain, Ass't Warden Mike Vanaoy, Ass't Warden Cathy Fontenot, Trish Foster, Legal Programs Officer M. Piazza, Classification Officer D. Cavalier, S. Scales, Barton Trent, Msgt. Butler, Col. Rusty Bordelon, Major Joe Jones, and Col. Smith, alleging that the defendants violated his constitutional rights in April, 2011, when they placed him in segregated confinement at LSP upon his transfer from Winn Correctional Center ("WCC") and when they thereafter charged and punished him in connection with a false disciplinary report, causing him to be maintained at Camp J in violation of his right to due process.

Pursuant to 28 U.S.C. § 1915(e), this Court shall dismiss an action brought in forma pauperis if satisfied that the action is frivolous, malicious or fails to state a claim upon which relief may be granted. Cf., Green v. McKaskle, 788 F.2d 1116 (5th Cir. 1986). An in forma pauperis suit is properly dismissed as frivolous if the claim lacks an arguable basis either in fact or in law. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992), citing Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989); Hicks v. Garner,

69 F.3d 22 (5th Cir. 1995). A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." Davis v. Scott, 157 F.3d 1003 (5th Cir. 1998). The law accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the factual allegations and dismiss those claims whose factual contentions are clearly baseless, a category encompassing allegations that are fanciful, fantastic and delusional. Neiztke v. Williams, supra; Denton v. Hernandez, supra. Pleaded facts which are merely improbable or strange, however, are not frivolous for purposes of § 1915(e). Id.; Ancar v. Sara Plasma, Inc., 964 F.2d 465 (5th Cir. 1992). A § 1915(e) dismissal may be made at any time, before or after service of process and before or after an answer is filed. Green v. McKaskle, supra.

Applying the foregoing standard, the Court finds that the plaintiff has failed to allege a claim of constitutional dimension. He alleges that on April 13, 2011, he was housed at WCC and was called to an office and questioned regarding his relationship with certain co-inmates who were suspected of conspiring to introduce firearms into the institution. A facility-wide search was conducted, and the plaintiff and several co-inmates were transferred to LSP on April 15, 2011, apparently to undergo lie detector testing. The plaintiff complains that upon being transported to LSP, he was immediately classified to Camp J, an onerous segregated housing unit at LSP. The next day, April 16, 2011, the plaintiff was administered a polygraph test and was allegedly informed at that time (by defendant Joe Jones) that if he passed the test, he would be transferred back to WCC. However, although he allegedly passed

the test, he was returned to Camp J notwithstanding that he had never been charged with any disciplinary rule violations. Thereafter, on May 4, 2011, he was brought before a disciplinary board on a charge of engaging in "General Prohibited Behavior." He asserts that he was denied due process at this disciplinary board hearing - because the hearing did not occur within 72 hours of the charge - and he was wrongly found guilty and sentenced to confinement at Camp J, where he was already housed. The plaintiff appealed this disciplinary charge and punishment, and a re-hearing and investigation were granted in connection with his appeal. He complains, however, that the investigation was not completed for more than four months, and that during this time, he was maintained at Camp J, and his written and verbal complaints to defendants Cain, Trent, Scales, Butler, Cavalier, Fontenot, Foster, and Piazza were ignored. Finally, the plaintiff complains that the resulting investigative report was completely erroneous and accused him of having admitted to a prison official (either defendant Bordelon or Jones) that he had engaged in drug use and drug trafficking at WCC. As a result, he was again found guilty of the referenced disciplinary charge, was again allegedly denied due process, and his sentence to Camp J was upheld at a re-hearing conducted on September 7, 2011, chaired by defendants Smith, Scales and Cavalier.

Turning first to the plaintiff's allegations regarding his placement in segregated confinement at Camp J upon his arrival at LSP in April, 2011, where the conditions to which he was subjected were more onerous than those in the general population, this claim is not one of constitutional dimension. The classification of prisoners is a matter left to the sound discretion of prison officials. Wilkerson v. Maggio, 703 F.2d 909 (5th Cir. 1983). The classification of inmates in Louisiana is the duty of the Louisiana Department of Public Safety and Corrections,

and inmates have no right to a particular classification under state law. Id. See also McGruder v. Phelps, 608 F.2d 1023 (5th Cir. 1979.) Further, prison officials have broad administrative and discretionary authority over the institutions they manage, and lawfully incarcerated persons retain only a narrow range of protected liberty interests. Hewitt v. Helms, 459 U.S. 460, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983). So long as the conditions and degree of confinement to which an inmate is subjected are within the sentence imposed upon the inmate and do not otherwise violate the Constitution, the Due Process Clause does not in itself subject a prison official's treatment of an inmate to judicial oversight. Hewitt v. Helms, supra. Where the decision to keep an inmate is reasonably related to legitimate security objectives and is not an exaggerated response to security considerations, there is no denial of due process. McCord v. Maggio, 910 F.2d 1248 (5th Cir. 1990). Finally, the plaintiff, as a convicted felon, is not a member of any suspect class. See Rochon v. Louisiana State Penitentiary Inmate Account, 880 F.2d 845 (5th Cir. 1989). Therefore, the Court need only apply a rational basis test to determine whether assigning him to and maintaining him at his custody classification was reasonably related to the achievement of legitimate penological objectives.

This test is easily met in the instant case. The plaintiff acknowledges that he was transferred to LSP upon suspicion that he was involved with co-inmates who were conspiring to introduce one or more firearms into WCC. In the Court's view, it was therefore not an exaggerated response by prison officials to initially classify the plaintiff to segregated confinement at one of the more secure housing units at LSP. Specifically, prison officials apparently determined that placement of the plaintiff in a restrictive environment at LSP was

appropriate, and the Court will not second-guess this determination.[1] Accordingly, the Court concludes that this claim is frivolous as a matter of law and should be dismissed. See Wilkerson v. Stalder, 329 F.3d 431 (5th Cir.), cert. denied, 540 U.S. 966, 124 S.Ct. 432, 157 L.Ed.2d 310 (2003) (where confinement of inmate to extended lockdown was based upon initial classification, no due process right was implicated).

The plaintiff also complains that the defendants issued him a false disciplinary charge in May, 2011, charging him with having allegedly admitted to a prison official that he had used and sold drugs at WCC. The law is clear, however, that an allegation that an inmate plaintiff has been wrongly reported or punished for conduct which he did not commit does not, without more, assert a valid claim of a denial of due process. See Collins v. King, 743 F.2d 248 (5th Cir. 1984). Specifically, the United States Supreme Court has held that prison disciplinary proceedings fail to implicate any constitutionally protected liberty interest unless the resulting punishment subjects an inmate to an atypical and significant deprivation (evaluated in the context of prison life) in which the State might conceivably have created a liberty interest for the benefit of the inmate. Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). In Sandin, the Supreme Court held that a disciplinary sentence of placement in segregated confinement failed to rise to the level of a constitutional claim. In the instant case, this Court similarly concludes that the plaintiff's disciplinary sentence – placement in segregated confinement at Camp J at LSP – did not result in

---

[1] To the extent that the plaintiff complains that prison regulations were not followed in classifying him to Camp J, this claim is not one of a constitutional violation. Jackson v. Cain, 864 F.2d 1235 (5th Cir. 1989) (holding that a mere violation of state rules and regulations is not actionable under § 1983).

an atypical and significant deprivation in the context of prison life. See Dickerson v. Cain, 241 Fed.Appx. 193 (5th Cir. 2007) (holding that placement in Camp J at LSP did not present "an atypical or significant hardship beyond the ordinary incidents of prison life.") Accordingly, this claim does not rise to the level of a constitutional violation and must be dismissed.[2]

Finally, the plaintiff complains that his many complaints to prison officials, both verbally and in writing, have been ignored and have not resulted in any favorable response or appropriate relief. The law is clear in this regard, however, that there is no constitutional violation in any alleged failure to investigate and/or respond favorably to an inmate's complaints regarding the actions of security officers. See Geiger v. Jowers, 404 F.3d 371 (5th Cir. 2005). Similarly, inasmuch as the plaintiff is not entitled to an investigation into his claims, he certainly may not be heard to complain regarding any alleged delay in conducting the investigation which was ultimately undertaken. Accordingly, it does not appear that the plaintiff has stated a claim for relief against the defendants relative to any alleged failure to respond

---

[2] To the extent that the plaintiff complains of the violation of his right to substantive due process, this claim also fails. While it is true that an inmate may not be punished for a disciplinary violation in the absence of "some evidence" to establish his guilt, Superintendent, Massachusetts Correctional Institution v. Hill, 472 U.S. 445, 105 S.Ct. 2768, 86 L.Ed.2d 356 (1985), this standard is extremely deferential, see Morgan v. Dretke, 433 F.3d 455 (5th Cir. 2005), and thus, "does not require examination of the entire record, independent assessment of the credibility of witnesses or weighing of the evidence." Id. The "some evidence" standard may be met with a written report authored by a security officer with knowledge of the events described therein, see Hudson v. Johnson, 242 F.3d 534 (5th Cir. 2001). The plaintiff acknowledges in this case that an investigative report was prepared which asserted that the plaintiff had admitted to engaging in the offending behavior. That written report was sufficient to constitute "some evidence" to support the finding of guilt.

or to investigate his claims.[3]

To the extent that the plaintiff seeks to invoke the supplemental jurisdiction of this Court over any potential state law claims, a district court is authorized to decline supplemental jurisdiction over such claims if the claims raise novel or complex issues of state law, if the claims substantially predominate over claims over which the district court has original jurisdiction, if the district court has dismissed all claims over which it had original jurisdiction, or for other compelling reasons. 28 U.S.C. § 1367. In the instant case, based upon the record before it, the Court concludes that it is appropriate for the Court to decline to exercise supplemental jurisdiction over the plaintiff's state law claims.

RECOMMENDATION

It is recommended that the Court decline to exercise supplemental jurisdiction and that the plaintiff's Complaint be dismissed as legally frivolous pursuant to 28 U.S.C. § 1915, without prejudice to any state

---

[3] The Court further notes that the plaintiff has failed to allege that he suffered any physical harm as a result of the actions of the defendants in this case and, pursuant to 42 U.S.C. § 1997e(e), an inmate may not recover monetary damages for mental or emotional harm in the absence of a showing of physical injury.

law claims which the plaintiff may have.[4]

Signed in chambers in Baton Rouge, Louisiana, April 10, 2012.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

---

[4] The plaintiff is hereby placed on notice that 28 U.S.C. § 1915(g) provides that, "[i]n no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."